526 P.2d 754

S. H. KRESS AND COMPANY, a corporation, Thomas Janovich and Alice Janovich, his wife, Appellants,

v.

Michael L. SELF, a minor By and Through his guardian ad litem, L. B. Self, Appellee.

No. 1 CA-CIV 1932.

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 19, 1974.

Rehearing Denied Nov. 1, 1974.
Review Denied Dec. 10, 1974.

OPINION

JACOBSON, Chief Judge of Division 1.

The dispositive question in this appeal is whether any immunity against a charge of defamation is to be extended to a store detective for statements made incident to his detention of suspected shoplifters.

The plaintiff-appellee, Michael L. Self, is a minor and this action is brought by and through his guardian ad litem. Defendant-appellant S. H. Kress and Company owns and operates a department store in Phoenix, Arizona. Defendant-appellant Janovich, a Phoenix police officer, was employed part-time by Kress as a store detective on the date the events in question occurred.

The matter was presented to the jury in the Superior Court of Maricopa County against Kress and Janovich on three counts: (1) false arrest, (2) malicious prosecution, and (3) defamation of character. The jury found in favor of the defendants and against plaintiff on the false arrest issue; it found in favor of the plaintiff and against defendants on the malicious prosecution issue, but assessed no damages. The defamation count was resolved in favor of plaintiff and against defendants and damages assessed in the sum of $10,000.

Defendants moved for a judgment notwithstanding the verdict and for a new trial, which motion was denied. This appeal followed.

The facts necessary for the resolution of this appeal are as follows. Self and two minor female classmates entered the Kress store on December 19, 1969 at approximately 2:30 p. m. Janovich observed the three minors at the jewelry counter. As the two female youths looked at jewelry, the plaintiff stood near them looking around the store. After some time the three split up, plaintiff going to the soda fountain for a soft drink. While Self was at the soda fountain his female companions admittedly did shoplift various pieces of costume jewelry. During this time, Jano-

Rawlins, Ellis, Burrus & Kiewit, by Norman D. Hall, Jr., Phoenix, for appellants.

Wolfe & Harris, P. A., by Irwin Harris, Phoenix, and Patrick E. Eldridge, Raytown, Mo., for appellee.

vich observed Self at the soda fountain looking around the store and in Janovich's opinion he was acting as a lookout while the girls did the shoplifting. The three eventually left together after one of the females had paid for part, but not all, of the merchandise in her possession.

Janovich apprehended the three youths on the street in front of the store, identified himself, and ordered all three back into the store. They proceeded to a private store room for questioning. After being advised of their rights and questioned by Janovich and the store manager, the two females admitted their involvement in the theft but denied that Self was involved in any manner. After further questioning, the three juveniles were transferred to the juvenile authorities and Janovich prepared a departmental report for the City of Phoenix Police Department on the facts surrounding the detention and arrest of the three youths. The deputy county attorney subsequently filed a juvenile petition against Self based on the departmental report submitted by Janovich. This petition was dismissed on January 27, 1970. The statements made during the in-store investigation and in the departmental report filed by Janovich, in the scope of his private employment were the bases for the defamation charge made by the plaintiff.

The question for resolution is whether statements made by a store detective incident to a shoplifting detention and arrest are actionable on a defamation theory. We hold that in the situation presented here, the statements made by Janovich, while defamatory as imputations of larceny, were protected by a conditional privilege. As plaintiff failed to meet its burden of proving malice or a lack of good faith to defeat the conditional privilege and attach liability to such statements, the trial court's ruling on Count III must be reversed on this appeal as a directed verdict should have been granted on this count.

In Long v. Mertz, 2 Ariz.App. 215, 407 P.2d 404 (1965), the court discussed the privileges sometimes afforded in defamation cases:

"The courts, from the days of the common law until the present, have, on the basis of public policy, granted immunity to certain persons from civil liability for having made defamatory statements regarding others. The immunity or privilege is, in some situations, deemed to be absolute; that is, unconditional immunity, even though the statements were made with malice. In others it is deemed to be 'qualified' or 'conditional', and recovery will be allowed if the court is satisfied that the statements were made maliciously or not in good faith." 2 Ariz.App. at 218, 407 P.2d at 407.

The court went on to note that the class of absolutely privileged communications is narrow. An absolute privilege is extended to "the public officer for making a statement while doing an act in the course of his official duties which he is directed or authorized specifically by law so to do." 2 Ariz.App. 215, 220, 407 P.2d 404, 409. While this court agrees with counsel for appellants that a "police officer is a public officer," State v. Arce, 6 Ariz.App. 241, 245, 431 P.2d 681, 685 (1967), it does not agree that Janovich was acting as a public officer at the time he detained Self. As a store detective, his activities were clothed with the indicia of private employment so that the privilege that would attach, if any, would be a qualified one. As set forth in Long v. Mertz, supra, a qualified privilege is extended where:

". . . the law does not specifically impose upon the public officer the duty or authority to make the statement, but because of the nature of his office and/or the interest of the public to be informed on the subject of the communication, the officer will not be liable unless his actions in making the statement were actuated by malice in fact or were not made in good faith." 2 Ariz.App. at 220, 407 P.2d at 409.

Although Janovich was not expressly authorized or directed by a statute to question the youths or to file a departmental report with the police regarding the incident, he does have the right as a merchant's employee to detain those persons suspected of being involved in shoplifting, 13 Ariz.Rev.Stat. § 675 (Supp.1973).[1] The right of such a person, acting in good faith and without malice, to then investigate such occurrences and file police reports incidental to such detentions is inherent in the discharge of his duty of protecting the store's merchandise from shoplifters. If he were only privileged to detain such persons but was not free, in good faith and upon reasonable grounds, to question them or to file police reports regarding the activities without fear of the attachment of civil liability for defamation, the detention privilege would be a shallow right, especially when, as here, no other dissemination of the allegedly slanderous statements was made.

The facts presented here are similar to those in Holliday v. Great Atl. & Pac. Tea Co., 256 F.2d 297 (8th Cir. 1958). In that case, two young boys were accused by a store employee of stealing two candy bars when they had, in fact, paid for them. In response to the slander charge arising out of the statements made by the employee regarding the incident, the court afforded him a qualified privilege in the good faith discharge of his duties as a store employee.

In the present situation, the burden was upon the plaintiff to plead and prove that Janovich made the statements during the investigation and in the police reports out of malice or in the absence of good faith. *See* Patterson v. Phoenix, 103 Ariz. 64, 436 P.2d 613 (1968). Plaintiff failed to meet this burden. Therefore, the court's denial of a directed verdict for defendants on Count III for defamation must be reversed.

The trial court's judgment as to Count II is affirmed and its judgment as to Count III is reversed and the trial court is ordered to enter judgment in favor of defendants on this count.

HAIRE, P. J., and EUBANK, J., concur.

---

1. "Reasonable cause shall be a defense to a civil or criminal action brought for false arrest, false imprisonment or wrongful detention against a peace officer, merchant or merchant's employee, by a person suspected of shoplifting or wilful concealment of goods, wares or merchandise as provided in §§ 13–673 and 13–674." Added Laws 1958, Ch. 8, § 1.